**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                                                                                          No. CR 07-0046 JB

MYLES WEAVER,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

       **THIS MATTER** comes before the Court on the Defendant's Sentencing Memorandum in Support of Probated Sentence, filed June 10, 2009 (Doc. 38). The Court held a sentencing hearing on June 11, 2009. The primary issue is whether the Court should vary from the advisory guideline sentence for Defendant Myles Weaver and give him probation. Because the Court concludes that a variance from the guideline sentence is appropriate, the Court will impose a sentence below the guideline, but will not impose probation.

**PROCEDURAL BACKGROUND**

       On February 12, 2009, Weaver pled guilty to Aggravated Assault under 18 U.S.C. § 1153, 18 U.S.C. § 13, and NMSA 1978 § 30-3-2. Weaver moves the Court, pursuant to 18 U.S.C. § 3553(a), United States v. Booker, 543 U.S. 220 (2005), and the United States Sentencing Guidelines, to vary from the advisory federal sentencing guideline sentence, consistent with the goals, concerns, and policy statements set out in 18 U.S.C. § 3553(a). Weaver requests that the Court impose a sentence consisting of a period of probation and/or supervised release.

## ANALYSIS

The Court must impose a sentence that accurately reflects each of the factors set forth in 18 U.S.C. § 3553(a). In reaching an appropriate sentence, the Court cannot – unlike an appellate court – consider a sentence falling within the guidelines range as a presumptively reasonable sentence. See Gall v. United States, 128 S.Ct. 586, 597 (2007). Those factors that the Court must consider are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed –

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for –

    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines –

        (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

        (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

    (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code,

taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

(5) any pertinent policy statement –

(A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). After considering the arguments and the record before it, and having thought extensively about an appropriate sentence, the Court does not believe the punishment set forth in the Guidelines is appropriate for the conduct for which Weaver was convicted. The Court therefore believes a downward variance is appropriate.

Weaver's offense level is 8 and his criminal history category is I. Accordingly, the guidelines imprisonment range is 18 months. The Court believes this case involves a serious offense, given that Weaver participated in events that led to the victim being struck three times over the head with a baseball bat. Nevertheless, a sentence within the guidelines imprisonment range would be excessive, and would go beyond what is necessary to further the considerations set forth in 18 U.S.C. § 3553(a).

The altercation that led to this conviction appears to be an abnormal event for Weaver. Aside from this incident, Weaver appears to be a stable citizen. The Court will therefore impose a

sentence of time served, with a period of supervised release. A time-served sentence reflects just punishment, and will impress upon Weaver the seriousness of what he has done. The period of supervised release, with its attendant conditions, will also serve to remind Weaver that he committed a serious offense. The conditions of supervised release will also help deter Weaver from committing offenses in the future. The Court believes alcohol played a significant role in the altercation. The requirement that Weaver complete a substance-abuse-treatment program will aid him in avoiding situations such as the one that led to his conviction in this case.

A sentence of time-served with one year of supervised release is also sufficient, without being greater than is necessary, to protect the public. Weaver's history suggests that he is not a person who regularly engages in violent conduct. At the same time, heavy involvement with alcohol increases the risk of events such as the one in this case. The sentence that the Court will imposes takes these considerations into account. In light of such considerations, the Court believes the sentence is appropriate, and that additional incarceration, which the guidelines call for, is not appropriate.

In light of the factors set forth in U.S.C. § 3553(a), the Court believes a time-served sentence is appropriate. The Court will impose the sentence for time served and will also impose one year of supervised release. The Court will not, however, grant a the request for probation.

**IT IS ORDERED** that the request in the Sentencing Memorandum in Support of Probated Sentence for a variance from the advisory guideline sentence is granted, but the Defendant's request for a probated sentence is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Gregory J. Fouratt
  United States Attorney
Glynette Carson-McNabb
  Assistant United States Attorney
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Edward O. Bustamonte
Albuquerque, New Mexico

    *Attorney for the Defendant*